

FILED

NOV 2 0 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALENZUELA, as an individual and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>CALENERGY OPERATING CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>         Defendants. | Case No.: 3:23-cv-01204-BEN-LR<br>**CLASS ACTION**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br><br><br>**[ECF No. 13]** |

On April 12, 2023, Plaintiff Jose Valenzuela ("Plaintiff") filed a civil class action complaint in the Imperial County Superior Court against Defendant CalEnergy Operating Corporation ("Defendant") and one hundred "Doe" Defendants alleging eight state law claims for various wage and hour violations. ECF No. 1. On June 29, 2023, Defendant removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Id.*

Before the Court is Plaintiff's Motion to Remand. ECF No. 13. Defendant filed an opposition to this motion and Plaintiff replied. ECF No. 15, 17. The briefing was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and

1

1  Rule 78(b) of the Federal Rules of Civil Procedure.  ECF No. 18.  After considering the

2  applicable law and the parties' arguments, the Court **GRANTS** Plaintiff's Motion to

3  Remand.

### I. LEGAL STANDARDS

5      A defendant in state court may remove a civil action to federal court so long as that

6  case could originally have been filed in federal court.  28 U.S.C. § 1441(1); *City of Chi v.*

7  *Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  Removal of a state action may be

8  based on either diversity or federal question jurisdiction.  *City of Chi*, 522 U.S. at 163;

9  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The removal statutes are strictly

10  construed, and removal jurisdiction is to be rejected in favor of remand if there are doubts

11  as to the right of removal.  *Nev. v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012).

12      Relevant here, where a "plaintiff's state court complaint does not specify a

13  particular amount of damages, the removing party bears the burden of establishing, by a

14  preponderance of the evidence, that the amount in controversy exceeds the threshold at

15  the time of removal." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir.

16  2020) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)

17  (cleaned up)). If the amount in controversy is challenged, the parties "may submit

18  evidence outside of the complaint, including affidavits or declarations, or other

19  'summary-judgment-type evidence relevant to the amount in controversy at the time of

20  removal.'" *Ibarra v. Manheim Investments*, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)

21  (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  The

22  amount in controversy includes "damages (compensatory, punitive, or otherwise), the

23  costs of complying with an injunction, and attorneys' fees awarded under fee-shifting

24  statutes or contract." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th

25  Cir. 2018).

### III. DISCUSSION

27      Plaintiff was employed by Defendant as a senior power plant operator between

28  August 16, 2010 and February 7, 2023.  ECF No. 1-2, Complaint ("Compl.") ¶ 9.  During

2

1  his employment, Plaintiff alleges Defendant failed to comply with numerous California

2  labor law requirements surrounding time keeping, meal and rest periods, overtime pay,

3  and accurate wage statements. *Id.* ¶ 10-20. The Complaint estimates approximately 250

4  proposed class members. *Id.* ¶ 23.

5        In the Motion to Remand, Plaintiff argues Defendant failed to establish the amount

6  in controversy ("AIC") required for removal. ECF No. 13 ("Mot.") at 2. Plaintiff notes

7  that Defendant removed the action based on traditional diversity jurisdiction and not the

8  Class Action Fairness Act ("CAFA"). Mot. at 6; ECF No. 1 at 1. This distinction is

9  important. To establish the AIC under CAFA, the potential awards of all class members

10  may be aggregated. *See Ibarra*, 775 F.3d at 1197 ("the defendant seeking removal bears

11  the burden to show . . . that the aggregate amount in controversy exceeds[]" the

12  jurisdictional requirement under CAFA) (citation omitted). However, the potential

13  awards of class members may not be aggregated for cases removed on traditional

14  diversity grounds. *See Canela*, 971 F.3d at 850; *see also Gibson v. Chrysler Corp.*, 261

15  F.3d 927, 941 (9th Cir. 2001) (only claims of named class plaintiffs may be used to

16  calculate AIC); *Snyder v. Harris*, 394 U.S. 332, 335 (1969) (long standing "anti-

17  aggregation rule" applies such that two or more plaintiffs' claims cannot be aggregated to

18  satisfy jurisdictional AIC).

19        Defendant's sole basis for establishing the AIC in the Notice of Removal is

20  Plaintiff's expected attorneys' fees. ECF No. 1 at 6-7. Plaintiff argues this is insufficient

21  for two reasons. First, Plaintiff argues Defendant's estimation of Plaintiff's attorneys'

22  fees is not supported by evidence. Mot. at 8-9. Defendant responds by arguing the

23  Notice of Removal need not contain evidence and is only required to provide a "short,

24  plain statement" of the basis for removal. ECF No. 15 ("Oppo.") at 5. Notice of

25  Removal aside, the Court notes Defendant did not submit any evidence to support its AIC

26  calculations with its Opposition, despite the opportunity to do so in light of Plaintiff's

27  challenge.

28

1   Second, Plaintiff argues Defendant's calculations are legally unsound because
2   attorneys' fees must be apportioned across the entire class for the purpose of calculating
3   the AIC in class actions. Mot. at 10-11 (citing *Gibson*, 261 F.3d at 941-43). Defendant
4   does not substantively respond to this point. Instead, Defendant argues first that *Gibson*
5   is factually distinct from the case at hand and second, that attorneys' fees may be
6   calculated "based on the amount of billable hours needed to prosecute an action[,]" which
7   would make Defendant's calculation reasonable. Oppo at 14. However, Defendant does
8   not adequately explain how the factual distinctions between *Gibson* and the present case
9   invalidate the Ninth Circuit's holding that attorneys' fees must be apportioned across the
10   class to calculate the AIC.[1] Nor does Defendant point to any authority which contradicts
11   or distinguishes *Gibson*'s holding. Of the three cases cited by Defendant, *Sanchez v.*
12   *Russell Sigler, Inc.*, appears closest to the point based on Defendant's description of the
13   court's holding. No. CV 15-01350-AB, 2015 WL 12765359 at *2-4 (C.D. Cal. Apr. 28,
14   2015). However, *Sanchez* involved a case removed under CAFA. Given CAFA allows
15   for aggregation of plaintiffs' claims (which would include attorneys' fees) to meet the
16   AIC, the court's holding in *Sanchez* is inapposite here.[2] The lack of alternative authority
17   to *Gibson* is fatal to Defendant's second argument, because even fees "based on the
18   amount of billable hours needed to prosecute an action" would still need to be

19
20
_____

21   [1]   Additionally, at least one district court found that the attorney fee provision in the
22   Song Beverly Warranty Act is analogous to the relevant California Labor Code sections
   for wage and hour lawsuits. *See Guerrero v. Nwestco, LLC*, No. 22-cv-01620-WBS-JDP,
23   2022 WL 16961124 at *3-4 (E.D. Cal. Nov. 16, 2022).
24   [2]   Defendant also cites *Swans v. Fieldworks, LLC*, No. 22-cv-07250-SPG-MRW,
   2023 WL 196918 at *2-3 (C.D. Cal. Jan. 17, 2023); and *Bockrath v. Apt. Inv. & Mgmt.*
25   *Co.*, No. CV-20-04179-CJC-PJW, 2020 WL 3469265 at *2-3 (C.D. Cal. Jun. 25, 2020).
   However, the question of allocating attorneys' fees was not addressed in either case.
26   Moreover, the court in *Bockrath* was skeptical of the defendant's estimate of attorneys'
27   fees which extended through trial, stating, "Defendant's approach would give this Court
   diversity jurisdiction over any case removed . . . where the parties are completely
28   diverse." *Id.*

1  apportioned among the class. *See also Arceo v. Ardent Mills, LLC*, No. 23-cv-01146-AB-

2  E, 2023 WL 5096332 at *4 (C.D. Cal. Aug. 8, 2023) ("This is not a CAFA case;

3  Defendant removed based on traditional diversity . . . . Accordingly, the Court will divide

4  the $55,000 estimated attorneys' fee by [the number of estimated class members], and

5  attribute that amount [] to Plaintiff for purposes of calculating the amount in

6  controversy."). Accordingly, Defendant's estimation of $75,000 of attorneys' fees, when

7  correctly divided among the class of 250 individuals, would only amount to $300

8  assigned to Plaintiff. By itself, this certainly fails to establish the jurisdictional threshold.

9       Defendant attempts to salvage its removal by providing a calculation of the

10  potential awards across all claims. Oppo. at 9-16. However, Defendant impermissibly

11  aggregates the potential awards of the entire class to reach the AIC instead of calculating

12  Plaintiff's individual award. *Id.*; Reply at 7-8. As noted above, when a case is removed

13  on traditional diversity grounds, the potential awards of multiple plaintiffs may not be

14  aggregated to establish the AIC. *Gibson*, 261 F.3d at 941; *see also Urbino v. Orkin*

15  *Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013). Even assuming

16  Defendant's calculations are accurate, when correctly apportioned among class members

17  Plaintiff's share of the total award across all claims (including attorneys' fees) would

18  only amount to roughly $54,300. *See* Oppo. at 9-16.

19       In sum, for this wage and hour case, Plaintiff has not claimed damages in any

20  particular amount. He has not said that his damages are less than the jurisdictional

21  amount of $75,000, only that Defendant's speculation as to the likely size of an attorney

22  fee award is an insufficient basis for diversity jurisdiction on removal. Because the

23  burden to prove removal jurisdiction is on the Defendant, and that burden has not been

24  carried, the case will be remanded. However, should Plaintiff assert on remand that he

25  has been damaged in an amount in excess of $75,000, sanctions under F.R.C.P. 11 may

26  be entertained by this Court. *Kloberdanz v. Martin*, 1999 U.S. App. LEXIS 38084, *4-5

27  (9th Cir. 1999) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992)) ("A district

28  court has the power to award sanctions sua sponte pursuant to Rule 11 and its inherent

1 powers.  It also has the power to impose sanctions after it has determined that it has no

2 subject matter jurisdiction.").

3     The Court finds Defendant has not met its burden to prove the amount in

4 controversy required to establish this Court's jurisdiction.  Accordingly, the Court

5 **GRANTS** Plaintiff's Motion to Remand.  28 U.S.C. § 1447(c).

6 **IV. CONCLUSION**

7     For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS**

8 Plaintiff's claims to the Superior Court of California for the County of Imperial.

9 **IT IS SO ORDERED.**

10 Dated: November 17, 2023

11                                    **HON. ROGER T. BENITEZ**
                                   United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28